## ASAPH B. CHILD'S CASE.

A man who, with notice and opportunity to meet the charge, allows a divorce to be obtained against him upon the ground of any condition of mind or body or religious association which by law renders him unfit for the marriage state, is not to be granted leave to marry again, without proof that he has changed his condition in this respect.

A divorce from the bond of matrimony was granted to a wife, for the cause that for three years her husband had lived separate from her without her consent, and been united with a religious sect that professed to believe the marriage relation void or unlawful, and with which she had not united. Two years afterwards, he filed a petition for leave to marry again, and testified, in support of it, that he never joined such a sect, though he did publish a book wherein he maintained that the laws of marriage tended to produce misery and advocated their repeal; that his views and opinions were unchanged; but that he accepted those laws as binding on him till repealed, and intended to obey them in the future. It appeared that the divorce was granted upon the evidence contained in the book, and proof of like expressions of opinion by him, and of his separation from his wife for three years; and he testified that he separated from her because she was repulsive to him. *Held*, that the petition should be refused.

PETITION, filed on January 26, 1870, alleging that at April term 1868 of this court in Middlesex Eusebia S. Child was divorced from the bond of matrimony with the petitioner, " because he had separated from her without her consent, and united with a religious sect or society that professes to believe the relation of husband and wife void or unlawful, and continued united with such sect or society for three years, refusing during that time to cohabit with said Eusebia, who did not unite with such sect or society; " and praying for leave to marry again.

At the hearing, before *Wells*, J., after proof that the petitioner's said wife obtained a divorce from him at the time and for the cause alleged, the petitioner testified, in his own behalf, " that he had never ' joined ' any sect or society ignoring the marriage relation, but had published a book styled ' Unhappy Marriages,' wherein he claimed that the laws relating to marriage tended to produce misery, and advocated their repeal as the best means of preventing adultery, prostitution, and causes of divorce." He also testified " that, however strongly impressed he might be that there would be less crime, wickedness, suffering and poverty in this Commonwealth, if the bondage of the marriage laws was removed, which he thought ought to be done, still he has always been a law-abiding citizen, and accepted the marriage law as binding upon him until repealed, and intended to obey it in future, as he did any and all laws made by the people." He further testified, in reply to questions of the judge, " that he entertained the same views and opinions upon this subject as when the divorce was granted ; and that his views, as held by him then and now, are expressed in the book which he published," a copy of which was introduced in evidence. It appeared " that the divorce was granted to his wife upon the evidence contained in this book, and proof of corresponding expressions of opinion by him, and the proof of separation and living apart for three years ; " and he testified " that the reason for his separation from his wife was that she was repulsive to him." The petitioner produced satisfactory testimony of his good character and habits ; but the judge, entertaining doubts whether the case as presented was one in which authority to marry again ought to be granted, reported it for the determination of the full court.

*G. W. Searle & D. F. Crane*, for the petitioner. Although the cause of the divorce was one specially defined by the Gen. Sts. *c.* 107, § 6, as distinct from desertion, yet the substance of it was desertion ; and this application is like any ordinary petition of the deserting party for leave to marry again. A man's " views and opinions " about the laws of marriage afford no ground for a divorce, even though they are published in a book ; nor should they debar him from marrying a second time. The petition, in

itself, shows that the petitioner now regards those laws as obligatory, and the relation of husband and wife as lawful and binding. He obeys the law, notwithstanding his views concerning it. His good character and submission to the law entitle his application to favorable consideration. Obedience is the test, not views and opinions.

BY THE COURT. A man who, with notice and opportunity to meet the charge, allows a decree of divorce to be obtained against him upon the ground of any condition of mind or body or religious association which by law renders him unfit for the marriage state, is not to be granted leave by the court to marry again, without proof that he has changed his condition in this respect. The majority of the court is of opinion that this rule governs this case. *Petition dismissed.*